UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| COREY SPECTOR, | ) | |
|---|---|---|
| Plaintiff(s), | ) | |
| vs. | ) | Case No. 4:19-cv-03165 SRC |
| ACCREDITED HOME LOANS, INC., et al., | ) | |
| Defendant(s). | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Millsap & Singer, P.C.'s Motion to Dismiss [29] and Defendants' Motion to Dismiss First Amended Complaint [33]. The Court grants the Motions.

**I.  BACKGROUND**

On November 27, 2019, Plaintiff Corey Spector filed a Complaint in this Court against Defendants Accredited Home Loans, Inc., Select Portfolio Servicing, Inc., Millsap & Singer, P.C., and U.S. Bank, N.A. "seeking redress for wrongful foreclosure, violations of federal debt collection laws, and punitive damages." Doc. 1, ¶ 10. Spector asserted four counts against Defendants: (1) Wrongful Foreclosure; (2) Violation of the Fair Debt Collection Practices Act; (3) Negligence; and (4) Rescission. On December 2, 2019, Spector filed a Motion for Temporary Restraining Order asking the Court to enjoin Defendants from selling his property at 2 Cypress Point Court, Chesterfield, Missouri 63017 (the "Property"). The Court heard arguments and evidence on that same date and denied Spector's Motion. On January 10, 2020, Spector filed an Amended Complaint asserting the same causes of action as his original complaint.

1

In their Motions, Defendants seek to dismiss Spector's Amended Complaint on the basis of the *Rooker-Feldman* doctrine, *res judicata* and collateral estoppel, and for failure to state a claim.

## II. STANDARD

### A. Rule 12(b)(1) Standard

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss an action based on lack of subject matter jurisdiction. "Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Godfrey v. Pulitzer Pub. Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998) (internal citations and quotation marks omitted). "The purpose of a Rule 12(b)(1) motion is to allow the court to address the threshold question of jurisdiction, as 'judicial economy demands that the issue be decided at the outset rather than deferring it until trial.'" *B.A. v. Missouri*, No. 2:16 CV 72 CDP, 2017 WL 106433, at *1 (E.D. Mo. Jan. 11, 2017) (quoting *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990)). To dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), "'the complaint must be successfully challenged on its face or on the factual truthfulness of its averments.'" *Swiish v. Nixon*, No. 4:14-CV-2089 CAS, 2015 WL 867650, at *2 (E.D. Mo. Feb. 27, 2015) (quoting *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993)).

The Eighth Circuit has held that "[i]n deciding a motion under Rule 12(b)(1), the district court must distinguish between a facial attack—where it looks only to the face of the pleadings—and a factual attack—where it may consider matters outside the pleadings." *Croyle v. United States*, 908 F.3d 377, 380 (8th Cir. 2018) (citing *Osborn v. United States*, 918 F.2d 724, 729 n. 6 (8th Cir. 1990)); *see also Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir. 2018);

*Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993); *C.S. ex rel. Scott v. Mo. State Bd. of Educ.*, 656 F. Supp. 2d 1007, 1011 (E.D. Mo. 2009). To survive a motion to dismiss for lack of subject matter jurisdiction, the party asserting jurisdiction has the burden of establishing that subject matter jurisdiction exists. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

### B. Rule 12(b)(6) Standard

Under Federal Rule of Civil Procedure ("FRCP") 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of FRCP 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief." To meet this standard and to survive a FRCP 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). The Court must grant all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010). Ordinarily, only the facts alleged in the complaint are considered for purposes of a motion to dismiss; however, materials attached to the complaint may also be considered in construing its sufficiency. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

When ruling on a motion to dismiss, a court must liberally construe a complaint in favor of the plaintiff[.] *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010). However, if a claim fails to allege one of the elements necessary to recovery on a legal

3

theory, that claim must be dismissed for failure to state a claim upon which relief can be granted. *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011). Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678; *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Although courts must accept all factual allegations as true, they are not bound to take as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555 (internal quotations and citation omitted); *Iqbal*, 556 U.S. at 677-78.

## III. DISCUSSION

Defendants make three arguments as to why the Court should dismiss Spector's Amended Complaint. First, they argue the *Rooker-Feldman* doctrine applies because in this case, according to Defendants, Spector makes an impermissible collateral attack on the state court's judgment in *Spector v. U.S. Bank N.A., et al.*, Cause No. 18SL-CC01790 in the Circuit Court of St. Louis County ("*Spector I*"). Second, Defendants assert that all of the counts in the Amended Complaint are precluded by the doctrines of *res judicata* or collateral estoppel because Spector seeks to relitigate the issues and claims already adjudicated in *Spector I*. Finally, Defendants claim Spector fails to state a claim under the Fair Debt Collections Practices Act ("FDCPA") and the statute of limitations bars this claim.

### A. *Rooker-Feldman* Doctrine

To understand Defendants' arguments regarding the *Rooker-Feldman* doctrine, the Court must first summarize what occurred in *Spector I*. On May 23, 2019, the Circuit Court of St. Louis County entered judgment in *Spector I*. Doc. 34-1. The Circuit Court made the following findings of fact.[1] On June 9, 2005, Spector executed a Note and Deed of Trust for the Property

---

[1] The Court does not recite all the findings of fact but only those material to this order.

with Accredited Home Lenders, Inc., identified as the lender. On March 7, 2010, Spector filed a Voluntary Petition for Bankruptcy in the U.S. Bankruptcy Court in the Eastern District of Missouri. In that bankruptcy proceeding, Spector valued the Property at $203,000. He identified and valued Select Portfolio Servicing, Inc.'s secured claim at $189,919.69. On June 22, 2010, the Bankruptcy Court issued its Discharge of Debtor. Spector never reaffirmed the debt with Select Portfolio. He failed to make payments on the debt in January, November, and December 2012. Spector had made certain payments on the Deed of Trust after the bankruptcy discharge but eventually stopped making payments all together.

On September 20, 2016, Select Portfolio sent Spector a Notice of Default with Right to Cure. On January 5, 2018, Mortgage Electronic Registration System, Inc. ("MERS"), as nominee for Accredited Home Lenders, its successors and assigns, assigned the Deed of Trust to U.S. Bank, as Trustee, as Successor by Merger to LaSalle Bank National Association, as Indenture Trustee for the Holders of the Accredited Mortgage Loan Trust 2005-3 Asset Backed Notes at C/O Select Portfolio Service, Inc. On March 8, 2018, U.S. Bank appointed Millsap & Singer, P.C. as its successor trustee. Select Portfolio sent Spector notice of its intent to foreclose on the property that secured the Note. On April 20, 2018, Select Portfolio sent Spector a Notice of Trustee's Sale.

In its conclusions of law, the Circuit Court concluded that U.S. Bank, Select Portfolio, and MERS were entitled to foreclose on the Property. The Circuit Court found that U.S. Bank is the proper holder of the Note and can exercise the right to foreclosure, because under Missouri law, the Note and the Deed of Trust pass together. Furthermore, a blank endorsement, like the one on the Note, is permitted under Missouri law and allows transfer of the Note and Deed of Trust. Finally, the Circuit Court stated, "Here, the lender was identified as Accredited Home

Lenders, Inc. It executed an Allonge to the Note that is blank. Accordingly, the entity holding the Note is entitled to enforce it."

Under the *Rooker-Feldman* doctrine, federal courts are without jurisdiction to review state-court judgments or to address federal claims with allegations that are inextricably intertwined with a state-court decision. *Beaton v. Rent-A-Center, Inc.*, 312 F. Supp. 3d 772, 774 (E.D. Mo. 2018). A claim is inextricably intertwined if the relief requested "would effectively reverse the state court decision or void its ruling." *Id*. The doctrine is "implicated in that subset of cases where the losing party in a state court action subsequently complains about the judgment and seeks review and rejection of it." *Skit Intern., Ltd. v. DAC Tech. of Ark., Inc.*, 487 F.3d 1154, 1157 (8th Cir. 2007). In these types of cases, the injury stems directly from the state court judgment rather than from some separate injury caused by the defendant. *Id*. The doctrine applies where "(1) the federal court plaintiff lost in state court, (2) the plaintiff complains of injuries caused by a state court judgment, (3) the plaintiff invites district court review of that judgment, and (4) the state court judgment was rendered before the district court proceedings commenced." *Rechtzigel v. Mohrman & Kaardal, P.A.*, No. 15-4365 ADM/JSM, 2016 WL 1430016 at *1 (D. Minn. Apr. 11, 2016) (citing *Skit Intern.*, 487 F.3d at 1156-57).

The *Rooker-Feldman* doctrine applies to Spector's claim for wrongful foreclosure. Spector lost in state court on his claims for wrongful foreclosure and the state court judgment was entered before these proceedings commenced. Although he does not explicitly challenge the state court's judgment in his Amended Complaint, he complains of injuries caused by the state court's findings of fact and conclusions of law in its judgment and invites district-court review of that judgment. Some examples of this from the Amended Complaint that directly challenge the findings of the state court include:

- "None of the parties to the transaction, nor any of the Defendants in this case, hold a perfected and secured claim in the subject property; and that all Defendants are equitably estopped and precluded from asserting an unsecured claim against Plaintiff's estate." Doc. 28, ¶ 30.
- "Plaintiff desires a judicial determination and declaration of its rights about the subject property and the corresponding Tangible Note and Deed of Trust." Doc. 28, ¶ 32.
- "An actual controversy has arisen and now exists between Plaintiff and Defendants specified hereinabove, regarding their respective rights and duties, in that Plaintiff contends that Defendants, and each of them, did not have an equitable right to foreclose on the subject property because Defendants, and each of them, have failed to perfect any security interest in the subject property collateral, or cannot prove to the court they have a valid interest as a real party in interest to the underlying Deed of Trust. Thus, the purported power of sale, or power to foreclose non-judicially, by the above specified Defendants, no longer applies and is void as a matter of law." Doc. 28, ¶ 45.
- "Plaintiff requests this Court find that the purported power of sale contained in the Deed of Trust is a nullity by operation of law . . ." Doc. 28, ¶ 46.

In *Doughty v. Wells Fargo Bank, N.A.*, the district court faced a similar situation. No. 17-5018, 2018 WL 1784159 (E.D. Penn. Apr. 13, 2018). In that case, the plaintiff asserted claims of wrongful foreclosure, violations of the FDCPA, intentional infliction of emotional distress, and he sought a declaratory judgment to void the sale of his property. *Id*. at *1. A Pennsylvania state court had already resolved the plaintiff's allegations that the lender had sold the note and had no legal interest in the property. *Id*. The district court applied the *Rooker-Feldman* doctrine and stated, "by asserting wrongful foreclosure and declaratory judgment claims, for practical purposes Plaintiff seeks relief from the state court's judgment in the foreclosure proceeding; both claims require this court to 'review and reject' the state court's foreclosure judgment." *Id*. at *3.

This exact situation faces the Court here. Spector's claims seek relief from the state court's judgment and require this Court to review and reject the state court's judgment in *Spector I*. For these reasons, the *Rooker-Feldman* doctrine bars the Court from hearing Spector's wrongful foreclosure claim. The Court dismisses Count I for lack of subject matter jurisdiction.

B. *Res Judicata*

*Res judicata* bars the remainder of the claims in this matter. *Res judicata*, also called claim preclusion, precludes a party from relitigating the same cause of action. *Wedow v. City of Kansas City, Mo.*, 442 F.3d 661, 669 (8th Cir. 2006). It prohibits a party from asserting a claim or defense in a later proceeding that should have been raised in an earlier proceeding. *Jefferson Smurfit Corp. v. United States*, 439 F.3d 448, 451 (8th Cir. 2006). To establish that *res judicata* bars a claim, a party must show "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." *Yankton Sioux Tribe v. U.S. Dep't of Health & Human Servs.*, 533 F.3d 634, 639 (8th Cir. 2008). Parties are bound "'not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.'" *Id*. at 640 (quoting *Comm'r v. Sunnen*, 333 U.S. 591, 597 (1948)).

Here, neither party challenges that the first suit, *Spector I*, resulted in a final judgment on the merits and the state court had proper jurisdiction. Spector argues that *res judicata* does not apply here because this matter does not involve the same parties as *Spector I* and it does not involve the same claims or causes of action. The only party named in this matter and not in *Spector I* is Millsap & Singer. *Res judicata* applies to suits that involve the same parties *or* those in privity with them. *Yankton Sioux Tribe*, 533 F.3d at 639. "'Privity' is 'merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include that other within the res judicata.'" *Elbert v. Carter*, 903 F.3d 779, 782 (8th Cir. 2018) (quoting *Bruszewski v. United States*, 181 F.2d 419, 423 (3d Cir. 1950)). Spector alleges in the Amended Complaint that Millsap & Singer is an agent of the remaining

8

Defendants, establishing privity.² Doc. 28, ¶ 9. Millsap & Singer's interests also align with the interests of the remaining Defendants in this matter and who were sued in *Spector I*. *See Yankton Sioux Tribe*, 533 F.3d at 640 (stating that a party's representation of a nonparty is adequate for preclusion if the interests of the nonparty and the representative are aligned). For the purposes of *res judicata*, the Court finds Millsap & Singer is in privity with the defendants here who were also defendants in *Spector I*.

Next, Spector argues that the exact same claims and causes of action must be asserted in both for *res judicata* to apply. This simply is not true. "*Res judicata* prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131 (1979). "[A] claim is barred by res judicata if it arises out of the same nucleus of operative facts as the prior claim." *Yankton Sioux Tribe*, 533 F.3d at 641. While Spector asserts a few different claims in this matter than in *Spector I*,³ both cases arise out of the same nucleus of operative facts. Both cases revolve around the right of Defendants to foreclose on the Property and the actions they took in attempting to do so.

In Count II for violations of the FDCPA, Spector alleges, among other things, that Defendants failed to prove up the existence of a debt to which he was liable, Defendants failed to provide evidence to show they were bona fide holders of a debt instrument to which he was liable, Defendants failed to show agency for a bona fide holder of a debt instrument to which he was liable, and Defendants failed to show that the "bona holder was also a bona fide holder of a

---

² Spector alleges, "Upon information and belief, at all times material, Defendants were the agents, employees, servants and/or the joint-ventures of the remaining Defendants, and each of them, and in doing the things alleged herein below, were acting within the course and scope of such agency, employment and/or joint venture."
³ In Spector I, Spector asserted claims of wrongful foreclosure, breach of contract, slander of title, negligence, "to void or cancel assignment of deed of trusts," breach of the implied covenant of good faith and fair dealing, cause of action for quiet title, and declaratory judgment. Doc. 34-2.

document establishing a lien against real property owned by [Spector]." Doc. 28, ¶¶ 77-80. In Count III for negligence, Spector alleges, among other things, that "Defendant made a false representation to [Spector] demanding payment on a debt. Defendant knew or should have known that said demand was made without agency on the part of the alleged agent and standing and/or capacity on the part of Defendants' alleged principal." Doc. 28, ¶ 95. And in Count IV for rescission, Spector alleges he is entitled to rescind the loan and all accompanying loan documents because of "1) FDCPA Violations; 2) Making illegal or fraudulent transfers of the note and deed of trust and 3) public policy grounds, each of which provides independent grounds for relief." Doc. 28, ¶ 104.

All of these allegations revolve around the same issues the state court dealt with in *Spector I* and either were raised or could have been raised in that case. Therefore, all of the elements of *res judicata* have been met and *res judicata* bars Counts II, III, and IV. In *Brown v. Felsen*, the Supreme Court explained that *res judicata* "encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes." 442 U.S. at 131. That applies exactly to the situation the Court faces here. The Court dismisses these claims, with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Millsap & Singer, P.C.'s Motion to Dismiss [29] and Defendants' Motion to Dismiss First Amended Complaint [33] are **GRANTED**. Plaintiff Corey Spector's claims are **DISMISSED**, **with prejudice**.

So Ordered this 30th day of March, 2020.

/s/ SL R. CR

———————————————
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**